UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANN BAILEY, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | Civil Action No. 3:20-CV-01513-X |
| METRO ONE LOSS PREVENTION § | |
| SERVICES GROUP, INC. § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

Dann Bailey sued Metro One Loss Prevention Services Group, Inc. in state court for employment discrimination. After the removal deadline passed, Metro One filed a Notice of Removal [Doc. No. 1] and Motion for Relief from Judgment [Doc. No. 5] in this Court. Bailey responded by filing a Motion to Remand to State Court [Doc. No. 6]. For the reasons below, the Court **GRANTS** the motion to remand and **DISMISSES AS MOOT** the motion for relief from judgment.

### I. Factual Background

Metro One operates security services in thirty-two states. Bailey was employed by Metro One in Texas and sued the company in state court for employment discrimination. Bailey filed the suit on March 16, 2020 and served Metro One's registered agent in Texas on March 24, 2020. The registered agent then mailed the service documents to Metro One's corporate office in Staten Island, New York. However, Metro One closed its corporate office on March 13, 2020 in an effort to comply with New York's Covid-19 restrictions, which called for the closure of all

1

"non-essential businesses." With no one present to receive it, the delivery person left the mail containing the service documents "at [Metro One's] front desk. Metro One's office receptionist returned to the office on May 13, 2020 and discovered the service documents.

Because the time for answering the complaint passed, the State Court entered a partial default judgment on liability against Metro One on May 11, 2020. On June 10, 2020, Metro One filed a notice of removal to this Court, almost three months after Bailey filed the original complaint.

## II. Legal Standards

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[1]  However,

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.[2]

---

[1] 28 U.S.C. § 1441(a).

[2] *Id.* at § 1446(b)(1).

The removal statutes are strictly construed, and any doubts are resolved in favor of remand.[3]  A defendant who does not timely assert the right to removal loses that right.[4]

In some extraordinary circumstances, equitable tolling may be applicable to extend the deadline for removal.  The doctrine of equitable tolling allows the court to extend a deadline where the litigant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."[5]  "[T]he decision to invoke equitable tolling is left to the discretion of the district court."[6]

### III. Analysis

It is undisputed that Metro One filed its notice of removal after the 30-day statutory deadline lapsed.  But Metro One urges the Court to apply equitable tolling and consider the removal timely because New York's Covid-19 lockdown restrictions prevented its employees from entering the office and receiving the mail containing notice of the pending litigation.

But equitable tolling requires the litigant to demonstrate its diligence under the circumstances.  Metro One contends that it was diligent because it quickly retained counsel and entered the litigation once its employees re-entered their office and sorted through the mail.  But Metro One does not explain how operating its

---

[3] *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

[4] *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

[5] *Holland v. Florida*, 560 U.S. 631, 649 (2010).

[6] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

security business for two months with no process for receiving mail, at least some of which was likely to be important to its business, is at all diligent

More importantly, Metro One has not established that the Covid-19 restrictions prevented it from timely filing. Bailey points out that security services were deemed essential by New York's Covid-19 restrictions and therefore were required only to operate at reduced capacity rather than be fully closed.[7] Reduced capacity would certainly at least allow an employee's presence to receive mail.[8] But even if New York required the office to be closed, Metro One has not demonstrated that the restriction would prevent it from tasking even a single employee with periodically checking the corporate mail. As such, the Court determines that Metro One has not established extraordinary circumstances necessary to warrant equitable tolling. Accordingly, the Court **GRANTS** the motion to remand. Because the Court grants the motion to remand, the Court **DISMISSES AS MOOT** the motion for relief from judgment.

### IV. Conclusion

For the forgoing reasons, the Court **GRANTS** the motion to dismiss and **DISMISSES AS MOOT** the motion to relief from judgment. The Court **REMANDS** the case to the 95th Judicial District Court of Dallas County, Texas.

**IT IS SO ORDERED** this 4th day of January, 2021.

---

[7] Doc. No. 9 at 3.

[8] If the office was fully closed, it is unclear how the delivery person could have left the mail "at Defendant's front desk" as Metro One contends. Doc. No. 8 at 3.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE